B27 (Official Form27) (12/09)

# United States Bankruptcy Court
Central District Of CA

In re KARI SAKAMOTO, Debtor

Case No. 10-10318
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Wachovia Dealer Services

2. Amount of the debt subject to this reaffirmation agreement:
   $ 16,439.04 on the date of bankruptcy  $ 16,439.04 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 9.65 % prior to bankruptcy
   9.65 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 350.00 per month for 58 months

5. Collateral, if any, securing the debt: Current market value: $ 10,400.00
   Description: 2007 KIA SPECTRA

6. Does the creditor assert that the debt is non-dischargeable? ___ Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is non-dischargeable.)

Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement

7A. Total monthly income from $3921.00
    Schedule I, line 16

7B. Monthly income from all $3921.00
    sources after payroll deductions

8A. Total monthly expenses $3919.00
    from Schedule J, line 18

8B. Monthly expenses $3919.00

9A. Total monthly payments on $ 0
    reaffirmed debts not listed on
    Schedule J

9B. Total monthly payments on $ 0
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income $ 2.00
    (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.)

B27 (Official Form27) (12/09)                                                                                                                     Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

N/A

12. Explain with specificity any difference between the expense amounts (8A and 8B):

N/A

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if                    Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                                      required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
____Yes  √ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

____Yes ____No

**FILER'S CERTIFICATION***

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

/s/ Tshara Dixon
Signature

Tshara Dixon BK Data Entry
Print/Type Name & Signer's Relation to Case

** The Creditor completed Questions 1 – 6 on this form. The Debtor(s) completed the remaining questions on this form. By signing this form, the Filer is only certifying: (1) that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties; and (2) the information in Questions 1 – 6. The Filer is not certifying the accuracy of any information supplied by the Debtor(s).

Form 240A - Reaffirmation Agreement (1/07)

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br><br>KARI SAKAMOTO<br><br>Debtor(s).<br>☐ Presumption of Undue Hardship<br>☑ No Presumption of Undue Hardship<br>(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.) | |
| Creditor's Name and Address:<br>WACHOVIA DEALER SERVICES<br>P.O. Box 3000<br>Winterville, NC 28590 | CHAPTER: 07<br><br>CASE NO.: 10-10318 |
| ☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | **REAFFIRMATION AGREEMENT** |

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☑ Part B: Reaffirmation Agreement

☑ Part C: Certification by Debtor's Attorney

☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☑ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1. DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:    $ 16,439.04

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

Reaffirmation Agreement - *Page 2 of 9*

| In re<br>KARI SAKAMOTO | (SHORT TITLE)<br>Debtor(s). | CASE NO.: 10-10318 |
|---|---|---|

### ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

--- And/Or ---

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: **9.65** %.

--- And/Or ---

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are:
$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

Reaffirmation Agreement - *Page 3 of 9*

| In re<br>KARI SAKAMOTO | (SHORT TITLE)<br>Debtor(s). | CASE NO.: 10-10318 |
|---|---|---|

Item or Type of Item           Original Purchase Price or Original Amount of Loan
                               $21,228.97

2007 KIA SPECTRA

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ __350.00__ is due on __3/9/10__ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— *Or* —

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each __MONTH__ ( week, month, etc.), unless altered later by mutual agreement in writing.

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

Reaffirmation Agreement - *Page 4 of 9*

| In re<br>KARI SAKAMOTO | (SHORT TITLE)<br>Debtor(s). | CASE NO.: 10-10318 |
|---|---|---|

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

Reaffirmation Agreement - *Page 5 of 9*

| In re KARI SAKAMOTO | (SHORT TITLE) | CASE NO.: 10-10318 |
|---|---|---|
| | Debtor(s). | |

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    Loan Terms of $16,439.04@9.65% for $350.00m starting 3/9/10
    2007 KIA SPECTRA vin KNAFE122275469214

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

KARI KAORU SAKAMOTO
(Print Name)

_[signature]_
(Signature)

Date: Feb 27 2010

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

WACHOVIA DEALER SERVICES
(Printed Name of Creditor)

P.O. BOX 3000 Winterville, NC 28590
(Address of Creditor)

_[signature] Shara Dixon_
(Signature)

TD BK Data Entry
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:
3-16-10

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

Reaffirmation Agreement - *Page 6 of 9*

| In re<br>KARI SAKAMOTO | (SHORT TITLE) | | CASE NO.: 10-10318 |
|---|---|---|---|
| | | Debtor(s). | |

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: : _____

Date: _____

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

Reaffirmation Agreement - *Page 7 of 9*

| In re KARI SAKAMOTO | (SHORT TITLE) | CASE NO.: 10-10318 |
|---|---|---|
| | Debtor(s). | |

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**
*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3921.00, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3671.00, leaving $ 350.00 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____
_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: ___[signature]___
(Debtor)

_____
(Joint Debtor, if any)

Date: Feb 27, 2010

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

Reaffirmation Agreement - Page 8 of 9

| In re KARI SAKAMOTO | (SHORT TITLE) | CASE NO.: 10-10318 |
|---|---|---|
| | Debtor(s). | |

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

## MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☑ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: Feb 27, 2010

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

Form 240B - Order on Reaffirmation Agreement (1/07)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br><br>KARI SAKAMOTO<br><br><br>Debtor(s). | CHAPTER:<br>CASE NO.: 10-10318 |

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) __KARI SAKAMOTO__ has (have) filed a motion for approval of the reaffirmation agreement
(Name(s) of debtor(s))

dated _____ made between the debtor(s) and __WACHOVIA DEALER SERVICES__.
(Date of agreement)                                                                                  (Name of creditor)

The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____.
(Date)

COURT ORDER:  ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Dated: _____

_____
*United States Bankruptcy Judge*

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

Order on Reaffirmation Agreement - *Page 2*

| In re | (SHORT TITLE) | CASE NO.: 10-10318 |
|---|---|---|
| KARI SAKAMOTO | Debtor(s). | |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

## TO ALL PARTIES ON THE ATTACHED SERVICE LIST:

1. You are hereby notified that a judgment or order entitled Order Approving Reaffirmation Agreement was entered on *(specify date)*:

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:

Dated: _____

Jon D. Ceretto
Clerk of the Bankruptcy Court

By: _____
    *Deputy Clerk*

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

CSD 1172 [10/17/05]
Name, Address, Telephone No. & I.D. No.

Gregory J. Doan    Bar # 165174
Doan Law Firm
635 Camino de los Mares #100
San Clemente, CA 92673
Tel: (949)472-0593
Fax: (949)472-5441

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

                                                                    Debtor.

BANKRUPTCY NO.

§341(a) Mtg. Date:
§341(a) Mtg. Time:

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

TO THE DEBTOR, THE DEBTOR'S ATTORNEY AND THE CHAPTER 13 TRUSTEE:

☐    Thomas H. Billingslea, Jr., Chapter 13 Trustee        ☐    David L. Skelton, Chapter 13 Trustee,

☐    _____
(Insert Name and Complete Mailing Address of Objecting Party)

_____,
a creditor in this case,
hereby objects to the Confirmation of the Chapter 13 Plan. The basis for the objection is stated below.
(NOTE TO OBJECTING PARTY: YOUR STATEMENT OF OBJECTION MUST BE AS SPECIFIC AS POSSIBLE. CHECK ONLY THOSE SECTIONS WHICH ARE APPLICABLE TO YOUR OBJECTION AND PROVIDE AN EXPLANATION OF YOUR OBJECTION WHERE REQUESTED):

1.    ☐    The Plan discriminates unfairly against the class(es) of unsecured claims because

. [§1322(b)(1)]

2.    ☐    The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is the debtor's principal residence by providing that

. [§1322(b)(2)]

3.    ☐    The Plan fails to provide for the curing of a default and maintenance payments on a secured or unsecured claim on which final payment is due after the proposed final payment under the Plan. [§1322(b)(5)]

4.    ☐    The Chapter 13 Plan is not proposed in good faith because

. [§1325(a)(3)]

**THIS OBJECTION TO CHAPTER 13 PLAN MUST BE ACCOMPANIED BY A NOTICE OF HEARING
PURSUANT TO LOCAL BANKRUPTCY RULE 3015-5**

CSD 1172

[Continued on Page 2]

CSD 1172 (Page 2) [10/17/05]

5. ☐ The debtor is distributing less to the allowed unsecured creditors than they would receive under a Chapter 7 liquidation. [§1325(a)(4)]

6. ☐ Objecting creditor has an allowed secured claim and objects because
   ☐ I have not accepted the Plan. [§1325(a)(5)(A)], OR
   ☐ the Plan fails to provide for a retention of lien securing my claim and the value of the property to be distributed to me is less than the allowed amount of my claim. [§1325(a)(5)(B)]
   Amount of Claim         $_____
   Value of Property       $_____, OR
   ☐ the debtor has failed to surrender to me the property securing my claim. [§1325(a)(5)(C)]

7. ☐ The debtor has no ability to make the payments proposed by the Plan because



   . [§1325(a)(6)]

8. ☐ The debtor has failed to apply all projected disposable income to Plan payments for a period of not less than three years. [§1325(b)(1)(B)]

9. ☐ The debtor has failed to begin making payments prescribed in the Plan within thirty (30) days of the filing of the Plan. [§1326(a)(1)]

10. ☐ Other [cite applicable Code section or case authority]:




I have unsuccessfully attempted to resolve our objections at the §341 Meeting.

I hereby certify under penalty of perjury that I have this date mailed a true copy of this Objection to Plan to the attorney for the debtor (or the debtor) and to the assigned Chapter 13 trustee as indicated below at the following addresses:

Attorney for Debtor (or Debtor):

Chapter 13 Trustee (select one):
☐ For ODD numbered Chpt. 13 cases:
THOMAS H. BILLINGSLEA, JR., TRUSTEE
530 "B" Street, Suite 1500
San Diego, CA 92101

☐ For EVEN numbered Chpt. 13 cases:
DAVID L. SKELTON, TRUSTEE
525 "B" Street, Suite 1430
San Diego, CA 92101-4507

DATED:                    /s/ Gregory J. Doan
                          (Signature of (Attorney for) Moving Party)

                          _____
                          (Please Type or Print Name)

                          _____
                          (Address)

                          _____
                          (City, State, ZIP)

                          _____
                          (Daytime Phone Number)

CSD 1172